UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIME RATE PREMIUM FINANCE
CORPORATION,

       Plaintiff,                                          Case Number 14-12397

v.                                                      Honorable David M. Lawson

KAREN E. LARSON, Individually and as
Personal Representative of the Estate of
KEITH A. LARSON, Deceased, and
ADRIAN LEE CARRANZA,

       Defendants,

and

BRANDON LARSON, GP INSURANCE
AGENCY, INC., and INSUREPLEX
MARKET SOLUTIONS, INC.

       Garnishee-Defendants.
_____/

## ORDER GRANTING MOTIONS TO SET ASIDE DEFAULTS AND DEFAULT JUDGMENT, DENYING MOTION FOR DEFAULT JUDGMENT, AND AWARDING FEES AND COSTS

These matters are before the Court on the plaintiff's motion for entry of default judgment against garnishee-defendant Brandon Larson ("Brandon"), Brandon's amended motion to set aside the Clerk's entries of default, and garnishee-defendant Insureplex Market Solutions, Inc.'s (Insureplex) motion to set aside default judgment. The Court commenced a hearing on the plaintiff's motions for default judgment against Brandon and his company Insureplex on December 4, 2018, at which time the Court granted default judgment in favor of the plaintiff as to Insureplex and took the motion as to Brandon under advisement. The Court permitted Brandon, who was proceeding *pro se*, to file a motion to set aside the entries of default as to the periodic and nonperiodic writs of garnishment issued in this case. *See* ECF No. 282 and 289. Brandon

thereafter retained counsel on behalf of himself and Insureplex. His counsel filed motions to set aside the entries of default and default judgment, and the plaintiff filed responses.

The Court reviewed the parties' submissions and continued the hearing on February 27, 2019. At the conclusion of the hearing, the Court announced from the bench its decision to deny the plaintiff's motion for default judgment and to grant Brandon's motion to set aside the entries of default, finding that the garnishee-defendant established good cause under Federal Rule of Civil Procedure 55(c). The Court also granted Insureplex's motion to set aside the default judgment, finding that Insureplex's failure to answer the writs of garnishment qualified as excusable neglect under Federal Rule of Civil Procedure 60(b)(1). The Court, however, conditioned the setting aside of the defaults and default judgment upon the payment of fees and costs and allowed the plaintiff to submit an affidavit outlining the expenses incurred related to these motions.

On March 1, 2019, Debra Beth Pevos, attorney for the plaintiff, filed an affidavit indicating that her hourly rate is $300.00 and that she expended 54.4 hours servicing these matters. The affidavit requested $16,320.00 in fees and $475.78 in costs. *See* Pevos Aff. ¶¶ 8-11, ECF No. 367, PageID.4366. Brandon and Insureplex filed a joint response to the request, concurring in the hourly rate but requesting a detailed billing invoice to properly evaluate the validity of the charges. *See* ECF No. 371. At the Court's direction, Ms. Pevos thereafter filed a supplement with an itemized breakdown of the hours expended servicing these matters; Ms. Pevos noted that the invoice reflected a greater amount of costs than initially requested. *See* ECF No. 375. Brandon and Insureplex then filed another joint response, listing 51 objections to specific billing entries, disputing them on various grounds, including that the services were unrelated to the motions or duplicative of previous entries, that the time billed was not reasonably expended time for the service provided, and that the service should have been billed at the paralegal rate. *See* ECF No.

378. Ms. Pevos replied that all services set forth in her filings were legal services performed by her only and pertained to matters concerning Brandon and Insureplex.

The first step for a district court "[i]n setting an award of attorneys' fees," ordinarily is to "arrive at the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983) (noting that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate")). "The party seeking attorney's fees 'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 848 (6th Cir. 2013) (quoting *Hensley*, 461 U.S. at 437). "The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008). The trial judge must "question the time, expertise, and professional work of [the] lawyer" applying for fees. *Earl v. Beaulieu*, 620 F.2d 101, 103 (5th Cir. 1980). And, in calculating the appropriate award, "the district court is required to give a clear explanation," as to its reasoning. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

However, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Ibid.* "So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an

attorney's time." *Ibid.* Thus, "there is no requirement . . . that district courts identify and justify each disallowed hour." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) (citing *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). "Nor is there any requirement that district courts announce what hours are permitted for each legal task." *Ibid.*

The second component of the lodestar is the hourly rate. *Hensley*, 461 U.S. at 433. As noted above, Brandon and Insureplex do not quibble with Ms. Pevos's hourly rate of $300.00.

The Court has reviewed the submissions and finds that the requested fees and costs are reasonable. Default judgment was entered against defendant Karen Larson on August 16, 2018, and the plaintiff commenced collection efforts shortly thereafter. In September 2018 Ms. Pevos sought writs of garnishment against Brandon and Insureplex — services that the Court observes are not accounted for on the billing invoice. To the extent that billing entries are challenged as unnecessary, irrelevant, or duplicative, the garnishee-defendants are reminded that state law prescribes a multistep process for obtaining entries of default and default judgment on periodic and nonperiodic writs of garnishment. *See generally* M.C.R. 3.101; Mich. Comp. Laws § 600.4012. Moreover, Brandon's and Insureplex's submissions in defense of their inaction prompted the need for revised or additional responses from the plaintiff and protracted the proceedings. Ms. Pevos represented that the billing entries reflect the actual time expended on each task by her alone, and the entries sufficiently detail the services rendered, which include correspondence with the garnishee-defendants and their recently retained counsel, taking Brandon's deposition, and preparing for and attending hearings on these matters. *See* ECF No. 375. The Court also observes that despite apparently incurring costs in the amount of $566.18, Ms. Pevos nevertheless seeks the lower amount that initially was requested. *See* Plf.'s Br. at 8,

ECF No. 379, PageID.4435. In light of the time expended, which ranges from six minutes to three hours, the amounts requested fairly cannot be considered excessive. The objections therefore will be overruled, and the Court will award the plaintiff fees and costs in the amount of $16,795.78.

Accordingly, it is **ORDERED** that garnishee-defendant Brandon Larson's amended motion to set aside entries of default (ECF No. 355) and garnishee-defendant Insureplex Market Solutions, Inc.'s motion to set aside default judgment (ECF No. 360) are **GRANTED** for the reasons stated on the record.

It is further **ORDERED** that the Clerk's entries of default against Brandon Larson (ECF No. 224 and 246) and the default judgment against Insureplex Market Solutions, Inc. entered on December 6, 2018 (ECF No. 281) are **SET ASIDE**, subject to the payment of **$16,795.78** in fees and costs to the plaintiff. Counsel for the plaintiff is directed to file a notice upon receipt of the payment.

It is further **ORDERED** that the plaintiff's motion for default judgment against Brandon Larson (ECF No. 225) is **DENIED** for the reasons stated on the record.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: April 12, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 12, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI