UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRIME RATE PREMIUM FINANCE
CORPORATION,

       Plaintiff,

v.

KAREN E. LARSON, Individually and as
Personal Representative of the Estate of
KEITH A. LARSON, Deceased, and
ADRIAN LEE CARRANZA,

       Defendants,

and

BRANDON LARSON and INSUREPLEX
MARKET SOLUTIONS, INC.

       Garnishee-Defendants.
                                  /

Case Number 14-12397
Honorable David M. Lawson
Magistrate Judge David R. Grand

## ORDER ADOPTING REPORT AND RECOMMENDATION TO OVERRULE OBJECTION TO GARNISHMENT, AND ORDER TO PAY

Presently before the Court is the report issued on September 20, 2019 by Magistrate Judge David R. Grand under 28 U.S.C. § 636(b), recommending that the Court overrule the garnishee-defendant GP Insurance Agency Inc.'s objection to garnishment. Although the report stated that the parties to this action could object to and seek review of the recommendation within fourteen days of service of the report, no objections have been filed thus far. The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the magistrate judge.

Federal Rule of Civil Procedure 64 governs the seizure of a person or property to satisfy a judgment. The rule provides that state law controls unless there is a federal statute to the contrary. Fed. R. Civ. P. 64. Remedies available under the rule include arrest, garnishment, and attachment. *Ibid.* Federal Rule of Civil Procedure 69 also provides that money judgments and the enforcement of them are controlled by state law. Fed. R. Civ. P. 64. In Michigan, garnishment objections are covered by M.C.R. 3.101(K)(2), which provides that objections must be based on one or more of the following: (a) the funds or property are exempt from garnishment by law; (b) garnishment is precluded by the pendency of bankruptcy proceedings; (c) garnishment is barred by an installment payment order; (d) garnishment is precluded because the maximum amount permitted by law is being withheld under a higher priority garnishment or order; (e) the judgment has been paid; or (f) the garnishment was not properly issued or is otherwise invalid.

GP Insurance did not articulate the specific basis for its objection to the garnishment under M.C.R. 3.101(K)(2). Rather, it merely asserted that the garnishment was improper because its Flagstar Bank account is a client trust account and not GP Insurance's money. Even if such an objection was recognized, GP Insurance failed to provide sufficient evidence in support of this assertion.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 674) is **ADOPTED**.

It is further **ORDERED** that the garnishee-defendant GP Insurance Agency Inc.'s objection (ECF No. 652) is **OVERRULED**.

It is further **ORDERED** that Flagstar Bank shall release funds to the plaintiff under both the initial writ of garnishment and the second writ, in the total amount of $25,701.03.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date: October 8, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 8, 2019.

                s/Susan K. Pinkowski
                SUSAN K. PINKOWSKI